1  G. Michael Jackson, (CA Bar No. 139384)
   JONES, DAVIS & JACKSON, PC
2  16633 Ventura Blvd, Suite 500
   Encino, CA 91436
3  Phone:  (818) 387-6590
   Fax:  (818) 788-2992
4  Email: mjackson@jonesdavis.com

5      *Attorneys for Defendants*

6

7              UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF CALIFORNIA
8                 SAN FRANCISCO DIVISION

9  CORNELIUS WREN and SYLVESTER          )   **CIVIL ACTION NO. C-12-6022 EDL**
   JACKSON, On Behalf of Themselves and All  )
10 Others Similarly Situated,             )
                                          )
11            Plaintiffs,                 )   **ANSWER TO COMPLAINT**
                                          )
12      vs.                               )
                                          )
13 UNITED COMMTEL, L.L.C.                 )
   ERICSSON, INC., and EUS, INC.          )
14                                        )
              Defendants.                 )
15 ─────────────────────────────────────

16

17     Defendants  United  Commtel,  LLC  ("Commtel"),  and  Ericsson  Inc.  d/b/a  EUS  Inc.

18 ("Ericsson"), hereby answer the Complaint for damages filed by Cornelius Wren and Sylvester

19 Jackson. Unless specifically admitted herein, all allegations contained in the Complaint are denied.

20 Responding to the specific allegations in the Complaint, Defendants respond as follows:

21     1.     Defendants  deny  that  they  failed  to  pay  overtime  as  required  by  Fair  Labor

22 Standards  Act  and  the  California  Labor  Code.  Defendants  are  without  sufficient  knowledge  or

23 information to respond to the balance of the allegations of paragraph one, and therefore deny such

24 allegations.

25     2.     Defendants  deny  that  they  failed  to  pay  minimum  wage  and  overtime  as  required

26 by Fair Labor Standards Act and applicable state law.  No answer is required to the balance of the

27 allegations of paragraph two.

28     3.     Defendants admit that Plaintiffs seek to recover unpaid wages and other daamges

as a collective and class action, but deny that Plaintiffs are entitled to recover unpaid wages and other damages and further deny that Defendants engaged in any illegal conduct.   Except as expressly admitted, Defendants deny the allegations of paragraph 3.

4.      No answer is required to the allegations of paragraph four.

5.      Defendants are without sufficient knowledge or information to respond to the allegations of paragraph five, and therefore deny such allegations.

6.      Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 6 of the Complaint and on that basis deny same.

7.      Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 7 of the Complaint and on that basis deny same.

8.      Defendants admit that Plaintiffs seek to represent Defendants' current and former technicians throughout the United States.   Except as expressly admitted, Defendants deny the allegations contained in Paragraph 8.

9.      Defendants admit the allegations of paragraph 9 but note that its legal name is in fact United Commtel, L.L.C. not United CommTel, L.L.C.

10.      Defendants admit the allegations of paragraph 10 but note that its legal name is Ericsson Inc., not Ericsson, Inc.

11.      Defendants deny the allegations of paragraph 11.

12.      Defendants admit the allegations of paragraph 12.

13.      Defendants admit with respect to Defendant Ericsson and deny the remainder of the allegations of paragraph 13.

14.       Defendants admit with respect to Defendant Ericsson and deny the remainder of the allegations of paragraph 14.

15.      Defendants deny the allegations of paragraph 15.

16.      Defendants admit that Defendant Ericsson was an employer in general under the FLSA, but deny that Defendant Ericsson was Plaintiffs' employer and the remainder of the allegations in paragraph 16.

17.      Defendants admit that Defendant Ericsson was an enterprise in general under the

1   FLSA, but deny the remainder of the allegations in paragraph 17.

2        18.     Defendants admit with respect to Defendant Ericsson and in general, but not as it

3   pertains to Plaintiffs.  Defendants deny the remainder of the allegations of paragraph 18.

4        19.     Defendants admit with respect to Defendant Ericsson and deny the remainder of the

5   allegations of paragraph 19.

6        20.     Defendants deny the allegations of paragraph 20.

7        21.     Defendants deny the allegations of paragraph 21.

8        22.     Defendants deny with respect to Ericsson and are without sufficient knowledge or

9   information with respect to Commtel, and, on that basis, deny the remainder of the allegations of

10   paragraph 22.

11        23.     Defendants deny the allegations of paragraph 23.

12        24.     Defendants deny with respect to Ericsson and are without sufficient knowledge or

13   information with respect to Commtel, and, on that basis, deny the remainder of the allegations of

14   paragraph 24.

15        25.     Defendants deny with respect to Ericsson and are without sufficient knowledge or

16   information with respect to Commtel, and, on that basis, deny the remainder of the allegations of

17   paragraph 25.

18        26.     Defendants deny with respect to Ericsson and are without sufficient knowledge or

19   information with respect to Commtel, and, on that basis, deny the remainder of the allegations of

20   paragraph 26.

21        27.     Defendants deny with respect to Ericsson and are without sufficient knowledge or

22   information with respect to Commtel, and, on that basis, deny the remainder of the allegations of

23   paragraph 27.

24        28.     Defendants deny with respect to Ericsson and are without sufficient knowledge or

25   information with respect to Commtel, and, on that basis, deny the remainder of the allegations of

26   paragraph 28.

27        29.     Defendants deny the allegations of paragraph 29.

28        30.     Defendants deny the allegations of paragraph 30.

31.     Defendants admit with respect to Ericsson and deny the remainder of paragraph 31.

32.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 32 of the Complaint and on that basis deny same.

33.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 33 of the Complaint and on that basis deny same.

34.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 34 of the Complaint and on that basis deny same.

35.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 35 of the Complaint and on that basis deny same.

36.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 36 of the Complaint and on that basis deny same.

37.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 37 of the Complaint and on that basis deny same.

38.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 38 of the Complaint and on that basis deny same.

39.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 39 of the Complaint and on that basis deny same.

40.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 40 of the Complaint and on that basis deny same.

41.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 41 of the Complaint and on that basis deny same.

42.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 42 of the Complaint and on that basis deny same.

43.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 43 of the Complaint and on that basis deny same.

44.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 44 of the Complaint and on that basis deny same.

45.     Defendants are without sufficient knowledge or information to respond to the

allegations of paragraph 45 of the Complaint and on that basis deny same.

46.     Defendants deny with respect to Ericsson and are without sufficient knowledge or information with respect to Commtel to respond to the allegations of paragraph 46 of the Complaint and on that basis deny same.

47.     Commtel admits that the primary duties of Plaintiffs was to install, repair and integrate telecommunication equipment used on cellular telephone towers and denies the remainder of the allegations of paragraph 47.  Ericsson is without sufficient knowledge or information to respond to the allegations of paragraph 47 and therefore denies the allegations of paragraph 47.

48.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 48 of the Complaint and on that basis deny same.

49.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 49 of the Complaint and on that basis deny same.

50.     Defendants deny the allegations of paragraph 50.

51.     Defendants deny with respect to Ericsson and are without sufficient knowledge or information with respect to Commtel to respond to the remaining allegations of paragraph 51 of the Complaint, and on that basis deny same.

52.     Defendants deny with respect to Ericsson and are without sufficient knowledge or information with respect to Commtel to respond to the remaining allegations of paragraph 52 of the Complaint, and on that basis deny same.

53.     Defendants deny with respect to Ericsson and are without sufficient knowledge or information with respect to Commtel to respond to the remaining allegations of paragraph 53 of the Complaint, and on that basis deny same.

54.     Defendants deny the allegations of paragraph 54.

55.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 55 of the Complaint and on that basis deny same.

56.     Defendants deny the allegations of paragraph 56.

57.     Defendants admit that Plaintiffs seek to bring this action individually and as a class

1   action.  Except as expressly admitted, Defendants deny the allegations of paragraph 57.

2       58.     Defendants are without sufficient knowledge or information to respond to the

3   allegations of paragraph 58 of the Complaint and on that basis deny same.

4       59.     Defendants are without sufficient knowledge or information to respond to the

5   allegations of paragraph 59 of the Complaint and on that basis deny same.

6       60.     Defendants admit that Plaintiffs believe that the number of purported Class

7   Members is in the hundreds.  Except as expressly admitted, Defendants deny the allegations in

8   paragraph 60.

9       61.     Defendants are without sufficient knowledge or information to respond to the

10  allegations of paragraph 61 and, on that basis, deny same.

11      62.     Defendants deny the allegations of paragraph 62.

12      63.     Defendants deny that they violated the law and therefore deny that they are liable

13  for any form of damages, prejudgment interest, and attorneys' fees and costs.  Defendants are

14  without sufficient knowledge or information to respond to the remaining allegations of paragraph

15  63 of the Complaint and on that basis deny same

16      64.     Defendants deny the allegations of paragraph 64.

17      65.     Defendants admit that Plaintiffs seek to certify a class action as defined in

18  paragraph 65.  Except as expressly admitted, Defendants deny the allegations in 65.

19      66.     Defendants admit that Plaintiffs seek to bring the complaint as a collective action.

20  Except as expressly admitted, Defendants deny the allegations in paragraph 66.

21      67.     Defendants admit that Plaintiffs seek to bring this action as a collective action.

22  Except as expressly admitted, Defendants deny the allegations of paragraph 67.

23      68.     Defendants deny a common practice, policy, or plan of refusing to compensate its

24  employees as alleged in paragraph 68. Defendants are without sufficient knowledge or information

25  to respond to the remaining allegations of paragraph 68 of the Complaint, and on that basis deny

26  same.

27      69.     Defendants are without sufficient knowledge or information to respond to the

28  allegations of paragraph 69 of the Complaint and on that basis deny same.

70.     Defendants deny the allegations of paragraph 70.

71.     Defendants deny the allegations of paragraph 71.

72.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 72 of the Complaint and on that basis deny same.

73.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 73 of the Complaint, and on that basis deny same.

74.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 74 of the Complaint and on that basis deny same.

75.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 75 of the Complaint and on that basis deny same.

76.     Defendants deny the allegations of paragraph 76 of the Complaint.

77.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 77 of the Complaint and on that basis deny same.

78.     Defendants deny the allegations of paragraph 78 of the Complaint.

79.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 79 of the Complaint and on that basis deny same.

80.     Defendants deny the allegations of paragraph 80 of the Complaint.

81.     Defendants admit that Plaintiffs seek to define the class as stated in paragraph 81. Except as expressly admitted, Defendants deny the allegations in paragraph 81.

82.     Defendants refer to and incorporate by reference paragraphs 1-81 above, as though fully set forth at this point.

83.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 83 of the Complaint and on that basis deny same.

84.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 84 of the Complaint and on that basis deny same.

85.     Defendants deny with respect to Ericsson and are without sufficient knowledge or information with respect to Commtel to respond to the remaining allegations of paragraph 85 of the Complaint, and on that basis deny same.

86.     Defendants deny with respect to Ericsson and are without sufficient knowledge or information with respect to Commtel to respond to the remaining allegations of paragraph 86 of the Complaint, and on that basis deny same.

87.     Defendants refer to and incorporate by reference paragraphs 1-86 above, as though fully set forth at this point.

88.     No answer is required to paragraph 88.

89.     Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 89 of the Complaint and on that basis deny same.

90.     Defendants deny with respect to Ericsson and are without sufficient knowledge or information with respect to Commtel to respond to the remaining allegations of paragraph 90 of the Complaint, and on that basis deny same.

91.     Defendants deny the allegations of paragraph 91.

92.     Defendants refer to and incorporate by reference paragraphs 1-91 above, as though fully set forth at this point.

93.     Defendants admit with respect to Ericsson and deny the remainder of the allegations in paragraph 93.

94.     Defendants deny the allegations of paragraph 94.

95.     Defendants deny the allegations of paragraph 95.

96.     Defendants refer to and incorporate by reference paragraphs 1-95 above, as though fully set forth at this point.

97.     Defendants deny the allegations of paragraph 97.

98.     Defendants deny the allegations of paragraph 98.

99.     Defendants deny the allegations of paragraph 99.

100.    Defendants refer to and incorporate by reference paragraphs 1-99 above, as though fully set forth at this point.

101.    Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 101 of the Complaint and on that basis deny same.

102.    Defendants deny the allegations of paragraph 102.

103.    Defendants are without sufficient knowledge or information to respond to the allegations of paragraph 103 of the Complaint and on that basis deny same.

104.    Defendants deny the allegations of paragraph 104.

105.    Defendants deny the allegations of paragraph 105. .

106.    Defendants deny the allegations of paragraph 106.

107.    Defendants deny the allegations of paragraph 107.

108.    Defendants deny that they violated any applicable laws and therefore deny that Plaintiffs and Class Members are entitled to a judgment and damages..

**FIRST DEFENSE**

109.    Plaintiffs' claims as alleged in the Complaint fail to state a claim upon which relief may be granted.

**SECOND DEFENSE**

110.    Venue is not proper with this Court under FRCP Rule 12(b)(3) and/or pursuant to the doctrine of forum non conveniens.

**THIRD DEFENSE**

111.    The Complaint and all causes of action therein are barred in whole or in part by the applicable statute of limitations.

**FOURTH DEFENSE**

112.    Some of Plaintiffs' claims may be barred by (a) settlement, (b) payment, (c) fraud, (d) release, (e) discharge of obligations, and/or (f) accord and satisfaction.

**FIFTH DEFENSE**

113.    Plaintiffs waived their right to bring the claims asserted in the Complaint.

**SIXTH DEFENSE**

114.    Plaintiffs' claims are barred, in whole or in part, since a good faith dispute existed as to whether or not Plaintiffs were entitled to the amounts claimed, and Defendants did not act willfully or with knowledge that its conduct violated applicable wage and hour laws or in reckless disregard thereof.

**SEVENTH DEFENSE**

115.   Plaintiffs are not entitled to recovery to the extent that the claims are based upon acts, omissions, injuries or losses, if any, that occurred prior to the effective date of any statute, wage order, regulation, policy or other applicable legal authority (including any amendment thereto) giving rise to this action.

## EIGHTH DEFENSE

116.   Plaintiffs were paid wages to which Plaintiffs were not entitled to receive or would not be entitled to receive if Plaintiffs were non-exempt employees, such as wages for accrued sick time and time taken off from work. Although Defendants contend that Plaintiffs are not entitled to any recovery, to the extent that Plaintiffs are entitled to any recovery, such recovery should be offset by such paid wages.

## NINTH DEFENSE

117.   The purported claims for relief are barred, in whole or in part, because Defendants at all times had an honest, reasonable, and goof faith belief in the facts on which they based their acts, omissions and conduct with respect to Plaintiff.

## TENTH DEFENSE

118.   Plaintiffs are barred because the Complaint and the causes of action alleged therein are uncertain.

## ELEVENTH DEFENSE

119.   Plaintiffs consented or acquiesced to the acts or omissions of Defendants alleged in the Complaint.

## TWELFTH DEFENSE

120.   Plaintiffs' claims against Defendants are frivolous and without foundation in fact. Furthermore, this lawsuit is being pursued by Plaintiffs in bad faith and for vexatious reasons and for the purpose of harassing Defendants. Accordingly, Defendants are entitled to recover their attorney's fees and the appropriate costs and expenses in defending this action.

## THIRTEENTH DEFENSE

121.   If Plaintiffs suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions,

activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not by Defendants.

## FOURTHEENTH DEFENSE

122.    Defendants have committed no act or omission causing damages to Plaintiff.

## FIFTEENTH DEFENSE

123.    The damages claimed by Plaintiffs in the Complaint are speculative.

## SIXTEENTH A DEFENSE

124     .The acts and/or omissions of Defendants alleged in the Complaint were justified.

## SEVENTEENTH DEFENSE

125.    Plaintiffs' claims are barred as Plaintiffs unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendants and/or third parties, or to avoid harm otherwise.

## EIGHTEENTH DEFENSE

126.    Plaintiffs have failed to mitigate their damages, if any.

## NINETEENTH DEFENSE

127.    Plaintiffs' and/or certain members of the putative classes' claims are barred by the doctrine of laches.

## TWENTIETH DEFENSE

128.    Plaintiffs' and members of the putative classes' claims are barred because Defendants did not owe a legal duty to Plaintiffs' or members of the putative class.

## TWENTY-FIRST DEFENSE

129.    Plaintiffs are guilty of unclean hands and are therefore barred from asserting some or all of the alleged claims as set forth in the Complaint.

## TWENTY-SECOND DEFENSE

130.    Some or all of the damages, if any, of which Plaintiffs complain, were directly and proximately caused and contributed to by Plaintiffs' own negligence, omission and/or improper conduct.

## TWENTY-THIRD DEFENSE

131.   Plaintiffs are estopped from asserting the allegations contained in Plaintiffs' Complaint by reason of acts, omissions, representations, and course of conduct of Plaintiffs and/or Plaintiffs' agents, upon which Defendants relied, to their prejudice and detriment.

### TWENTY-FOURTH DEFENSE

132.   Plaintiffs are not entitled to an award of damages under Bus. & Prof. Code Sec. 17200 and Sec. 17500.

### TWENTY-FIFTH DEFENSE

133.   Defendants' business practices, as alleged in the Complaint, have not and are not likely to mislead, deceive or confuse the public or result in mistake.

### TWENTY-SIXTH DEFENSE

134.   There was a business justification for Defendants' business practices as alleged in the Complaint.

### TWENTY-SEVENTH DEFENSE

135.   None of Defendants' business practices complained of in the Complaint were instituted with the intent to injure Plaintiffs.

### TWENTY-EIGHTH DEFENSE

136.   Defendants were not the employers of one or more Plaintiffs and, therefore, owed no duty to them as alleged in the Complaint.

### TWENTY-NINTH DEFENSE

137.   Defendants have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants therefore expressly reserve their rights to amend this Answer to state additional defenses that are based on facts that are not presently known to them.

WHEREFORE, Defendants pray that Plaintiffs take nothing by the Complaint and that they have such other and further relief as this Court may deem just and proper.

Dated:  December 26, 2012                        JONES, DAVIS & JACKSON, PC

                                                        By:   /s/ G. Michael Jackson
                                                              G. Michael Jackson
                                                              Attorneys for Defendants

PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City of Encino, County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within cause; my business address is 16633 Ventura Blvd, Suite 500, Encino, CA 91436. I am employed in the office of Jones, Davis & Jackson, PC, members of the Bar of the above entitled Court, and I made the service referred to below at their direction.

I certify that I caused a copy of the foregoing to be filed with the clerk of the U.S. District Court, Northern District of California, using the CM/ECF filing system, which caused a copy to be electronically mailed to the following CM/ECF Participant(s) on this December 26, 2012.

Galvin B. Kennedy, Esq.
Kennedy Hodges, LLP
711 W. Alabama St.
Houston, TX 77006

Lorraine T. Peeters, Esq.
Caffarelli & Siegel, Ltd.
425 Market St., Suite 2200
San Francisco, CA 94105

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on December 26, 2012 at Encino, California.

By:     /s/ G. Michael Jackson
        G. Michael Jackson

Answer to Complaint – Case No.  C-12-6022 EDL