Kennedy Hodges, LLP
Galvin B. Kennedy (TX State Bar No. 00796870)
711 W. Alabama St.
Houston, TX   77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
gkennedy@kennedyhodges.com

*Attorney in Charge for Plaintiffs & Class Members*

Caffarelli & Siegel Ltd.
Lorraine T. Peeters (CA Bar No. 276367)
425 Market St., Ste. 2200
San Francisco, CA 94105
Telephone: (415) 512-5230
Facsimile: (415) 963-3497
l.peeters@caffarelli.com

*Local Counsel*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| **CORNELIUS WREN and SYLVESTER JACKSON, On Behalf of Themselves and All Others Similarly Situated,** | § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 3:12-cv-06022-JSW** |
| **UNITED COMMTEL, L.L.C.** | § § | **CLASS ACTION** |
| **ERICSSON, INC., and EUS, INC.,** | § § | **COLLECTIVE ACTION** |
| **Defendants.** | § § § § | **JURY TRIAL DEMANDED** |

## JOINT CASE MANAGEMENT STATEMENT

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any

parties remain to be served, a proposed deadline for service.

RESPONSE:          This lawsuit raises federal questions under the Fair Labor Standards Act ("FLSA").  Thus, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Additionally, the California state law claims arise out of the Plaintiffs' alleged contacts with the State of California and this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367; however, the nature and scope of Plaintiffs contacts with the State of California (and thus the scope of this Court's actual supplemental jurisdiction) are a matter of factual dispute as discussed below.


2.     Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

RESPONSE:          The Plaintiffs filed this action alleging that they are part of a class of workers who were not properly compensated for all hours worked. The Plaintiffs and Class Members are a group of non-exempt employees who installed telecommunication equipment in cellular telephone towers for Defendants. The Plaintiffs and Class Members allege that they were not paid overtime for the hours they worked over 40 in a workweek or when they worked more than eight hours in one day in California.

        Defendant Ericsson maintains that it was never the joint employer of either Plaintiffs or the Class Members and is therefore not liable to them for any wages under any circumstances. Defendant Ericsson asserts that it retained Defendant United Commtel to perform certain services and that it had no right to: hire or fire; promulgate work rules or assignments; set any conditions of employment; establish any compensation, benefits, or hours; supervise, discipline, or otherwise control any employees or contractor employed by Defendant United Commtel. As such, Defendant Ericsson does not believe that Plaintiffs or the Class Members can present any evidence to show that Ericsson was a joint employer of Defendants or any Class Members.

        Defendant United Commtel asserts that it properly paid all employees and contractors in accordance with the FLSA and all applicable state and federal laws. United Commtel disputes that Plaintiffs worked for it in the State of California and that Plaintiffs and Class Members were not paid for overtime in accordance with the FLSA and applicable state laws. United Commtel believes that Plaintiffs and Class Members were exempt from overtime laws under the FLSA and applicable state law. United Commtel further disputes that any violations of the FLSA and applicable state law were willful or intentional.


3.     Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

RESPONSE:          Whether the Plaintiffs were employees of Defendants under the Fair Labor Standards Act and California State law. Whether the Plaintiffs are entitled to overtime pay.

Defendants have asserted numerous defenses in their Answer to Complaint, which are incorporated herein. Such defenses include, but are not limited to: failure to state a claim, improper venue, Defendants were not employers of one or more Plaintiffs, waiver or laches, failure to mitigate, unclean hands, and estoppel. Further, in the course of discovery, additional defenses may appear or become apparent to Defendants, and Defendants reserve the right to add such defenses at an appropriate time.

4.   <u>Motions:</u> All prior and pending motions, their current status, and any anticipated motions.

<u>RESPONSE:</u>        The Plaintiffs anticipate filing a motion for conditional certification under section 216(b) of the Fair Labor Standards Act.   Also, prior to the close of discovery, the Plaintiffs anticipate filing a motion for class certification under Rule 23.

Defendants anticipate filing a Motion for Summary Judgment under FRCP Rule 56, and a Motion to Decertify (if a class certification is granted) under FRCP Rule 23. Defendants reserve the right to file additional motions as may be appropriate.

5.   <u>Amendment of Pleadings:</u> The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

<u>RESPONSE:</u>        The Parties propose a deadline for the addition of new parties and amendment of pleadings of June 3, 2013.

6.   <u>Evidence Preservation:</u> Steps taken to preserve evidence relevant to the issue reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically recorded material.

<u>RESPONSE:</u>        The parties anticipate that there may be some Electronically Stored Information ("ESI") discovery and in this regard agree to adhere to the Federal Rules of Civil Procedure relating to the Discovery of Electronically Stored Information and the preservation of such information.   The Parties assert that they have informed their clients of the requirement to take all steps necessary to preserve ESI.   To the extent it exists, relevant, non-privileged electronic information will be produced by the parties in either PDF or hardcopy format, to enable the parties to exchange discoverable information without undue burden or costs. A requesting party may obtain relevant, non-privileged, electronic information in a format other than PDF or hardcopy upon agreement by the parties or a showing of substantial need for such information in that format. However, all payroll information and time records will be produced in an electronically readable format.   The parties further agree that service under Rule 5 of the Federal Rules of Civil Procedure can be accomplished by transmission through electronic mail and facsimile

7.    Disclosures: Whether there has been full and timely compliance with the initial
      disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

RESPONSE:         The parties have agreed to make their initial Rule 26(a) disclosures by
      March 15, 2013.


8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any
      proposed limitations or modifications of the discovery rules, and a proposed discovery
      plan pursuant to Fed. R. Civ. P. 26(f).

RESPONSE:         The Parties have not begun conducting discovery.   Further, the Parties
do not propose any limitations on discovery. The Parties anticipate conducting discovery on all
relevant issues raised in Plaintiffs' Original Complaint and Defendants' Answer.   Such topics
consist of: the existence of a joint employment relationship, the status of the Plaintiffs as
employees or independent contractors, whether the Plaintiffs are entitled to overtime pay, the
hours the Plaintiffs worked, and the method for calculating the damages that are owed.

      The Parties believe that discovery can reasonably be completed by December 29, 2013.


9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

RESPONSE:         Prior to the close of discovery, the Plaintiffs anticipate filing their
motion for class certification.


10.   Related Cases: Any related cases or proceedings pending before another judge of this
      court, or before another court or administrative body.

RESPONSE:

      The parties are not aware of any related cases or proceedings.

11.   Relief: All relief sought through complaint or counterclaim, including the amount of
      any damages sought and a description of the bases on which damages are calculated. In
      addition, any party from whom damages are sought must describe the bases on which it
      contends damages should be calculated if liability is established.

RESPONSE:         Plaintiffs claim damages for unpaid overtime.   The damages will be
based on the difference between what was paid and what should have been paid due to the
violation of the applicable provisions of the FLSA and California law. The Plaintiffs also seek
liquidated damages in an equal amount of their overtime claim.   Plaintiffs also seek attorney's
fees.   Once Defendant produces all payroll information for the Plaintiffs, Plaintiffs will provide a
detailed calculation of the amount of damages they claim.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

<u>RESPONSE</u>:            Counsel do not anticipate the Parties will be able to meaningfully discuss settlement until certain documents are produced, the Court has ruled on collective action issues and the opt-in period, if any, for additional employees to join this matter has expired.   Once those issues are resolved, the parties will be better equipped to discuss settlement.   At that time, counsel propose that the Parties mediate this matter with an attorney, former judge or former magistrate judge who has substantial experience and expertise with FLSA and class/collective actions.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

<u>RESPONSE</u>:            The Parties have elected to proceed before the District Judge.

14. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

<u>RESPONSE</u>:            The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

<u>RESPONSE</u>:            The Parties agree to consider all options for narrowing the issues that are in dispute in this case and to expedite the presentation of evidence at trial.

16. <u>Expedited Trial Procedure</u>: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

<u>RESPONSE</u>:            The Parties do not believe that this case can be resolved through the expedited trial procedure.

17. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

<u>RESPONSE</u>:        Plaintiff will designate expert witnesses on or before August 23, 2013.

                      Defendants will designate expert witnesses on or before October 11, 2013.

18. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

<u>RESPONSE</u>:        The parties believe that it will take a maximum of 24 hours to present the evidence in this case. This estimate, however, is subject to change if this case is certified as a collective action and/or class action.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

<u>RESPONSE</u>:

      The parties are not aware of any non-party interested entities or persons.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

<u>RESPONSE</u>:        None at this time.

                Respectfully submitted,

                KENNEDY HODGES, LLP

                By:  _____
                    Galvin B. Kennedy (admitted pro hac vice)
                    State Bar No. 00796870
                    <u>gkennedy@kennedyhodges.com</u>
                    Don J. Foty (admitted pro hac vice)

dfoty@kennedyhodges.com
State Bar No. 24050022
711 W. Alabama St.
Houston, TX   77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

*ATTORNEY IN CHARGE FOR PLAINTIFFS
& CLASS MEMBERS*

CAFFARELLI & SIEGEL LTD.

By: _____
     Lorraine T. Peeters
     CA State Bar No. 276367
     425 Market St., Ste. 2200
     San Francisco, CA 94110
     Telephone: (415) 512-5230
     Facsimile: (415) 963-3497

*LOCAL COUNSEL*


JONES, DAVIS & JACKSON, PC

By:   __/s/ G. Michael Jackson__
       G. Michael Jackson

*ATTORNEYS FOR DEFENDANTS*