Kennedy Hodges, LLP
Galvin B. Kennedy (TX State Bar No. 00796870)
711 W. Alabama St.
Houston, TX   77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
gkennedy@kennedyhodges.com

    *Attorney in Charge for Plaintiffs & Class Members*

Caffarelli & Siegel Ltd.
Lorraine T. Peeters (CA Bar No. 276367)
425 Market St., Ste. 2200
San Francisco, CA 94105
Telephone: (415) 512-5230
Facsimile: (415) 963-3497
l.peeters@caffarelli.com

    *Local Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| **CORNELIUS WREN and SYLVESTER JACKSON, On Behalf of Themselves and All Others Similarly Situated,** | § § § § | |
| **Plaintiffs,** | § § | |
| | § | **CIVIL ACTION NO. 3:12-cv-06022-JSW** |
| **v.** | § § | |
| **UNITED COMMTEL, L.L.C. ERICSSON, INC., and EUS, INC.,** | § § § | **CLASS ACTION** <br> **COLLECTIVE ACTION** |
| **Defendants.** | § § § § | **JURY TRIAL DEMANDED** |

**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**

   1. Dispositive Motion Deadline:

<u>RESPONSE:</u>          January 31, 2014

   2. Hearing for Dispositive Motions:

RESPONSE:		March 28, 2014.

   3. Exchange of Pre-Trial Documents and Filing of Motions in Limine:

RESPONSE:		April 25, 2014.

   4. Pre-Trial Conference:

RESPONSE:		May 5, 2014.

   5. Trial Date:

RESPONSE:		May 12, 2014.

   6. <u>Pursuant to Local Rule 16-9(b), Plaintiff submits the following Case Management Statement in Class Action</u>.

   (1) The specific paragraphs of Fed. R. Civ. P. 23 under which the action is maintainable as a class action;

RESPONSE:		The Plaintiffs believe that this action is maintainable as a class under Rule 23(a) and (b)(3). Defendants do not believe that a class action is appropriate.

   (2) A description of the class or classes in whose behalf the action is brought;

RESPONSE:		All current and former technicians of Defendants in California at any time from four (4) years prior to the filing of this lawsuit up to and including the time class certification is granted who were not paid overtime after working either (1) more than 8 hours in a day, or (2) more than 40 hours in a week

   (3) Facts showing that the party is entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b); and

RESPONSE:		The claims of Plaintiffs Wren and Jackson are typical of the claims of the class because they performed the same job duties, were subject to the same work policies and practices, and were all denied overtime pay when they worked more than eight hours in a day and 40 hours in a week.

   It is believed that the number of class members is in the hundreds, but in no event, less than 40. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual Class Member as a plaintiff in this action is impracticable. Furthermore, the identity of the members of class

will be determined from Defendants' records, as will the hours worked and the compensation paid to each Class Member.

Common issues of fact and law predominate over any individual questions in this matter. The common issues and/or facts include:

The common facts include:
a. The Plaintiffs and Class Members performed the same duties of installing, repairing, and integrating telecommunication equipment used on cellular telephone towers;

b. The Plaintiffs and Class Members were subject to the same work conditions and employment policies and procedures;

c. The Plaintiffs and Class Members were manual laborers.

The common issues include:

d. Whether the Plaintiffs and Class Members worked more than eight (8) hours in a day and worked more than forty (40) hours in a week without overtime compensation;

e. Whether Plaintiffs and Class Members are entitled to overtime compensation for services rendered;

f. Whether the Plaintiffs and Class Members performed manual labor as their primary duties;

g. Whether Defendants required the Plaintiffs and Class Members to perform work without meal breaks;

h. Whether Plaintiffs and Class Members are entitled to compensatory damages and the means of measuring such damages.

Defendants' do not believe that Plaintiffs are typical representatives of the proposed class, and do not believe that there are common issues of fact or law which predominate in a manner that makes pursuit of this case as class action appropriate.

(4) A proposed date for the Court to consider whether the case can be maintained as a class action.

RESPONSE:         December 29, 2013

Date: 2/28/2013

    Respectfully submitted,

    KENNEDY HODGES, LLP

    By: ___/s/ Galvin B. Kennedy_____
        Galvin B. Kennedy (admitted pro hac vice)
        State Bar No. 00796870
        gkennedy@kennedyhodges.com
        Don J. Foty (admitted pro hac vice)
        dfoty@kennedyhodges.com
        State Bar No. 24050022
        711 W. Alabama St.
        Houston, TX   77006
        Telephone: (713) 523-0001
        Facsimile: (713) 523-1116

*ATTORNEY IN CHARGE FOR PLAINTIFFS*
*& CLASS MEMBERS*

        AND

    CAFFARELLI & SIEGEL LTD.

        Lorraine T. Peeters
        CA State Bar No. 276367
        425 Market St., Ste. 2200
        San Francisco, CA 94110
        Telephone: (415) 512-5230
        Facsimile: (415) 963-3497

*LOCAL COUNSEL*

        AND

    JONES, DAVIS & JACKSON, PC

    By: ___/s/ G. Michael Jackson
        G. Michael Jackson

*ATTORNEYS FOR DEFENDANTS*