United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS WREN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED COMMTEL, L.L.C.,<br><br>　　　　　Defendant. | Case No. 12-cv-06022-JD<br><br>**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION FOR APPROVAL OF SETTLEMENT**<br><br>Re: Dkt. No. 50 |

On Wednesday, July 30, 2014, the parties' joint motion for approval of settlement and motion for entry of agreed judgment (Dkt. No. 50) came on for hearing. Defendant's counsel failed to show up for the hearing. *See* Dkt. No. 52.

As the Court advised plaintiffs' counsel at the hearing, the parties' joint motion is wholly inadequate. Despite the fact that the complaint contains class action allegations under FRCP 23, the motion for settlement approval makes no mention of the fate of the putative class members, nor does it explain why they will not be prejudiced by this settlement. The plaintiffs owe duties to the putative class, and an inquiry regarding their interests must be made even though a class has not been certified in this case at this point in time. *See Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408-11 (9th Cir. 1989).

Plaintiffs have also brought collective action claims under the Fair Labor Standards Act. Though the joint motion pays lip service to the standard set forth in *Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982), the motion is bereft of any detail that supports the bare conclusion that the proposed settlement here is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Dkt. No. 50 at 2-4.

The parties have not come close to presenting an adequate motion. Among other problems, the joint motion does not provide sufficient information regarding the plaintiffs' basis for recovery in this case, or how or why any such recovery is being discounted in this settlement. Moreover, the joint motion provides no information or analysis regarding "the number of overtime hours worked by each Plaintiff and information regarding the potential range of recovery for each Plaintiff." *McKeen-Chaplin v. Franklin American Mortgage Co.*, No. C 10-5243 SBA, 2012 WL 662608, at *3 (N.D. Cal. Dec. 19, 2012) (citation omitted). Indeed, as was the case in *McKeen-Chaplin*, the parties "have not provided the Court with any specific information or analysis explaining how and why they arrived at the settlement amount," nor have they "explained how they arrived at the specific amount allocated to each Plaintiff." *Id.*

On the topic of allocation, the proposed settlement agreement purports to award to plaintiffs' attorneys close to 60% of the recovery in this case. *See* Dkt. No. 50-1, Ex. A (allocating to Kennedy Hodges, LLP $1,201.95 out of every total monthly payment of $2,083.33 by defendant). The joint motion provides no information or analysis that shows why plaintiffs' attorneys are entitled to receive such an unusually high proportion of the settlement amount, nor have plaintiffs' counsel submitted any contemporaneous time records setting forth the time actually expended by counsel on this case and the hourly rates charged. *See McKeen-Chaplin*, 2012 WL 662608, at *5. Based on counsel's performance so far, there is a serious question whether they should be awarded anything at all. In light of these many deficiencies, the Court also finds more than a little troubling the joint motion's mention of "Defendants' restaurants," Dkt. No. 50 at 4, when this case has only one remaining defendant which is asserted to be a telecommunications company.

Accordingly, as the Court advised plaintiffs' counsel at the hearing, the parties' joint motion to approve the settlement and to enter the agreed judgment is denied without prejudice. The parties are hereby given fourteen days, until August 13, 2014, to file a renewed motion that corrects the deficiencies identified in this order. If the parties fail to do so, the case will proceed to trial on November 5, 2014.

1    This case was filed on November 27, 2012.  The trial date will not be moved in the event
2 the parties are unable to adequately support their request for approval of a settlement.
3    **IT IS SO ORDERED.**
4 Dated:  July 30, 2014

_____
JAMES DONATO
United States District Judge