RECEIVED

2015 MAR -4   P 2:48

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CORNELIUS WREN and SYLVESTER JACKSON, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED COMMTEL, L.L.C., ERICSSSON, INC., and EUS, INC.,<br><br>Defendants. | Case Number: 3:12-cv-06022-~~JSW~~<br><br>**[PROPOSED] ORDER GRANTING MOTION TO REOPEN CASE AND ENTER AGREED JUDGMENT** |

Plaintiffs filed Motion to Reopen Case and Enter Agreed Judgment (the "Motion") in the above-captioned case. On this date, the Court, having considered the Motion and all other things properly before it, finds that the Motion is GRANTED.

Therefore, the above-captioned case shall be REOPENED due to breach of the Settlement Agreement by the Defendant and a new judgment amount of One Hundred and Seventy Five Thousand Dollars ($175,000) shall be ENTERED.

April ____, 2015

_____
James Donato
United States District Judge

**Yamileth Chaverri**

**From:**      MetroFax <NoReply@metrofax.com>
**Sent:**      Wednesday, January 21, 2015 3:20 PM
**To:**        Yamileth Chaverri
**Subject:**   Successful transmission to 19727333119. Re: Cornelius Wren

**Follow Up Flag:**   Follow up
**Flag Status:**      Flagged

r Gary,

**Cornelius Wren**

3 page fax you sent through MetroFax.com to 19727333119 was successfully transmitted at 2015-01-21 21:20:21 (GMT).

length of transmission was 97 seconds

receiving machine's fax ID: 9727333119

ou need assistance, please visit our online help center at http://www.metrofax.com/support.

nk you for using the MetroFax.com service.

t Regards,
troFax.com

1

less those payments received to date, along with a motion to show cause for breach of the settlement agreement and to recover costs.

Please contact me if you have any questions or wish to discuss this matter further.

Sincerely,

Gabriel A. Assaad

# KENNEDY HODGES, L.L.P.
## ATTORNEYS

| | |
|---|---|
| GALVIN B. KENNEDY*† | 711 WEST ALABAMA STREET |
| DAVID W. HODGES*† | HOUSTON, TEXAS 77006-5005 |
| GABRIEL A. ASSAAD†‡ | TELEPHONE: (713) 523-0001 |
| DON J. FOTY*† | FACSIMILE: (713) 523-1116 |
| DONALD C. GREEN II | TOLL FREE: (877) 342-2020 |
| UDYOGI A. HANGAWATTE ± | KENNEDYHODGES.COM |
| JOHN A. NEUMAN | TEXASOVERTIMEATTORNEY.COM |
| BEATRIZ A. SOSA-MORRIS | PHARMACYERRORLAWFIRM.COM |

*Board Certified. Personal Injury Trial Law –
Texas Board of Legal Specialization

† Partner

‡ Also Licensed in Virginia and
District of Columbia
± Licensed in California and
District of Columbia

January 21, 2015

**_VIA FACSIMILE: (972) 733-3119_**
**Alexander Parker**
**JONES, DAVIS & JACKSON, PC**
15851 Dallas Parkway, Suite 1220
Addison, TX 75001

Re: Civil Action No. 12-cv-06022-JD
*Cornelius Wren, et al. v. United Commtel, L.L.C., et al.*

Dear Mr. Parker:

On October 16, 2014, Judge James Donato of the United States District Court for the Northern District of California entered an order in the above-mentioned case approving the proposed joint settlement agreement. Under the agreement, your client, United Commtel, is required to make monthly payments to satisfy the reduced judgment amount of $50,000, with interest.

Pursuant to that order and in accordance with the settlement agreement, a payment in the amount of $2,083.33 was due on January 15, 2015. As of the date of this letter, our firm, Kennedy Hodges, L.L.P., has not received this payment as scheduled.

Please allow this letter to serve as the notice required under the aforementioned settlement agreement in case of default. United Commtel hereby has ten (10) days from the date of this letter to cure the current default by tendering the overdue payment in accordance with the procedure outlined in the settlement agreement.

If United Commtel fails to tender the overdue payments within ten (10) days, we will be required to file a motion with the court to enforce the full judgment in the amount of $175,000,

**EXHIBIT A**

Plaintiffs may immediately execute for the agreed upon judgment sum of $175,000.00, plus post-judgment interest accruing at the rate of 5% per annum, as well as costs of court and costs incurred in satisfying the judgment, and further pray that the Court assesses to the Defendant, and include in its decree, the costs associated with bringing and arguing this Motion.

Respectfully submitted,

KENNEDY HODGES, LLP

By: /s/ Gabriel A. Assaad
   Gabriel A. Assaad, Pro Hac Vice
   TX State Bar No. 24076189
   gassaad@kennedyhodges.com
   711 West Alabama St.
   Houston, Texas 77006
   Telephone: (713) 523-0001
   Facsimile:  (713) 523-1116

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

This is to certify that on February 26, 2015 a true and correct copy of the foregoing instrument has been served to all counsel for parties in this case via Northern District of California's CM/ECF.

   /s/ Gabriel A. Assaad
   Gabriel A. Assaad

motion with the Court to enforce the full judgment in the amount of $175,000, less the payments received to date. As of February 11, 2015, fifteen (15) business days since notice was sent, Defendant has not tendered payment. (*Id.*).

## II. Argument and Authorities

The settlement agreement in this matter explicitly states that California state law is to apply. (Doc. 62). Therefore, this Court has the authority to "enter judgment pursuant to the terms of the settlement" under California law. CAL. CODE CIV. PROC. § 664.6 (West). The requirements of that statute have been met, as the "parties pending litigation [have] stipulate[d], in writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case." *Id.* In this case, the parties entered into a valid settlement agreement that was approved by this Court. (Docs. 62 and 63). The terms of the settlement are clear: if Defendant fails to tender payment five (5) days from the stated due date, Defendant shall be considered in default of the Settlement Agreement. If default is not cured within ten (10) days after receiving notice from Plaintiffs, the Plaintiffs have the right to seek execution of the Agreed Judgment in the amount of $175,000. Because the Court specifically granted Plaintiffs the authority to move to re-open the case and seek entry of the agreed judgment in the event there is an uncured default by Defendants, this Court has the authority to enforce an entry of the agreed judgment.

## III. Conclusion

For these reasons, Plaintiffs request that this Honorable Court enter an order of the agreed judgment as a result of the uncured default by Defendants upon which the

made. The Settlement Agreement states that "in the event payment is not received within five (5) days from the stated due date, United Commtel shall be considered in default of the settlement Agreement. If a default is not cured within ten (10) days after receiving notice from Plaintiffs, the Plaintiffs have the right to seek execution of the Agreed Judgment."

On October 16, 2014, this Court entered an order approving a settlement agreement and dismissing action. (Doc. 63). The parties submitted a revised and executed settlement agreement pursuant to the agreement of the parties and order of the Court. (Doc. 62). At that time the Court declined to enter the proposed agreed judgment against Defendants in the amount of $175,000.00, plus post-judgment interest accruing at the rate of 5% per annum, as well as court costs and costs incurred in satisfying the judgment. However, the Court did grant Plaintiffs the opportunity to move to reopen this case and seek entry of the agreed judgment pursuant to the terms of the parties' agreement, should there be an uncured default by Defendant.

Pursuant to the order and in accordance with the settlement agreement, Defendant paid the first three payments due. However, a payment in the amount of $2,083.33 was due on January 15, 2015. As of January 21, 2015, payment was not received. On January 21, 2015 Plaintiffs' counsel sent a notice to Defendant pursuant to the procedure outlined in the Settlement Agreement regarding default. (*See* Exhibit A). Defendant was permitted ten (10) days from the date of the letter to cure the default by tendering the overdue payment. In that notice, Plaintiffs' counsel advised that if Defendant failed to tender the overdue payment within ten (10) days, Plaintiff would be required to file a

# MOTION TO REOPEN CASE AND ENTER AGREED JUDGMENT

**NOW COME** Plaintiffs Cornelius Wren and Sylvester Jackson, on behalf of themselves and all others similarly situated ("Plaintiffs"), and file this Motion To Reopen Case and Enter Agreed Judgment ("Motion") to instate the judgment amount of $175,000 set out in the terms of the Settlement Agreement, due to a breach of the Settlement Agreement by Defendant United Commtel, L.L.C. ("Defendant").

Plaintiffs file this Motion and respectfully show the Court the following:

## I. Introduction and Facts

This lawsuit was filed by Plaintiff asserting claims related to their employment with United Commtel and causes of action under the Fair Labor Standards Act, 29 U.S.C. §§201, *et. seq.*, Case No: 3:12-cv-06022-EDL (the "action"). Plaintiff brought this action on behalf of themselves and all others similarly situated, and alleged the action was suitable for certification as a collective action under Rule 23. Defendants denied all liability in the action and denied that the action was suitable for certification as a collective action or class action. The Parties, agreed to resolve all claims arising out of the action pursuant to the terms of the Settlement Agreement. (Doc. 62).

The parties agreed that United Commtel would pay 24 equal payments of $2,083.33, on the 15th of each consecutive month for the total sum of Fifty Thousand and 00/100 Dollars ($50,000.00). The payments were secured by an Agreed Judgment against Defendant in the amount of One Hundred Seventy-Five Thousand and 00/100 Dollars ($175,000.00) which would not be executed unless full payment to Plaintiffs was not

of the parties' agreement, should there be an uncured judgment by Defendant to enforce the terms of a defaulted settlement agreement.

The grounds for said motion are that Defendant has breached the settlement agreement approved by this Court by failing to cure a default on payment after notice was provided.

> Respectfully submitted,
>
> KENNEDY HODGES, LLP
>
> By: /s/ Gabriel A. Assaad
> Gabriel A. Assaad, Pro Hac Vice
> TX State Bar No. 24076189
> gassaad@kennedyhodges.com
> 711 West Alabama St.
> Houston, Texas 77006
> Telephone: (713) 523-0001
> Facsimile: (713) 523-1116
>
> *Attorneys for Plaintiffs*

CHAMBERS COPY–
DO NOT FILE

Kennedy Hodges, LLP
Gabriel A. Assaad (TX State Bar No. 24076189)
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
gkennedy@kennedyhodges.com

*Attorney in Charge for Plaintiffs & Class Members*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| CORNELIUS WREN and SYLVESTER JACKSON, On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED COMMTEL, L.L.C., ERICSSSON, INC., and EUS, INC., <br><br> Defendants. | Case Number: 3:12-cv-06022-JSW <br><br> **NOTICE OF MOTION AND MOTION TO REOPEN CASE AND ENTER AGREED JUDGMENT** <br><br> Date: April 8, 2015 <br> Time: 9:30 am <br> Courtroom: 11 <br> Judge: Hon. James Donato |

**PLEASE TAKE NOTICE** that on Wednesday, April 8, 2015 at 9:30 am, or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California San Francisco Division, Plaintiffs Cornelius Wren and Sylvester Jackson, on behalf of themselves and all others similarly situated ("Plaintiffs") will move the Court to re-open this case against Defendant United Commtel, L.L.C. ("Defendant"). Plaintiff will also seek entry of the agreed judgment pursuant to the terms

Kennedy Hodges, LLP
711 West Alabama St.
Houston, TX 77006-5005



Richard W. Wieking
Clerk of Court
United States District Court
Federal Bldg
450 Golden Gate Ave Floor 16
San Francisco CA 94102-3426



INSPECTED BY
MAR - 4 2015
U.S. MARSHALS SERVICE



RECEIVED
2015 MAR -4 P 2:48
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA